UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BILLY GENE RIPPEE, | ) |
| Movant, | ) ) ) |
| v. | ) Case No. 1:17-cv-195-JCH |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant Billy Gene Rippee's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Therein, movant claims that the Supreme Court case *Johnson v. United States*, 135 S. Ct. 2551 (2015) should be applied to his case to reduce his sentence.

The Court's records show that movant previously filed a § 2255 motion that was denied on the merits. *See Rippee v. United States*, Case No. 1:10-cv-50-JCH (E.D. Mo. Oct. 25, 2012). As such, the instant motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 and 2255. Movant has filed an application for permission to file a successive motion to vacate in the Court of Appeals for the Eighth Circuit. *Rippee v. United States*, Case No. 17-3432 (8th Cir. 2017). As of the date of this Memorandum and Order, that application remains pending.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a second or successive motion must be certified by the appropriate circuit court of appeals before it may be filed in the district court. 28 U.S.C. § 2255(h). The requirement that prisoners obtain authorization from the appropriate circuit court before filing a second or successive petition in the district court is jurisdictional. *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007). "Federal

courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enterprises, Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks omitted). As such, the instant action will be dismissed without prejudice to refiling if, and when, movant obtains permission from the Eighth Circuit to do so.

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (*citing Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because movant has made no such showing, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate is **DENIED** and this case is **DISMISSED**, without prejudice, because movant has not obtained permission from the United States Court of Appeals for the Eighth Circuit to bring the motion in this Court. *See* 28 U.S.C. § 2255(h).

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 13th day of November, 2017.

/s/ Jean C. Hamilton  
JEAN C. HAMILTON  
UNITED STATES DISTRICT JUDGE